IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAVINGS BANK, | No. C -12-01454 EDL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER FOR MENTAL EXAMINATION** |
| v. | |
| NORMAN POULSEN, | |
| Defendant. | |

On June 3, 2013, Plaintiff filed a Motion for Order for Mental Examination. The Court construed the improper ex parte motion as a motion to shorten time, which was granted. On June 5, 2013, Defendant filed an opposition to Plaintiff's Motion and on June 6, 2013, Plaintiff filed a reply. Because this matter is appropriate for decision without oral argument, the Court will not hold a hearing. For the reasons stated in this Order, Plaintiff's Motion is granted.

A party seeking to compel a psychiatric or physical evaluation of an opposing party bears the burden of affirmatively showing that the adverse party's mental or physical condition is in controversy and that there is good cause for the examination. See Fed. R. Civ. Proc. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (stating that these two requirements - in controversy and good cause- cannot be met "by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant. . . ."). "Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." Schlagenhauf, 379 U.S. at 121. Rule 35 is to be liberally construed. See Schlagenhauf, 379 U.S. at 114-15 (stating generally that discovery rules should be "accorded a broad and liberal treatment"); Simpson v. Univ. Of Colorado, 220 F.R.D. 354, 362 (D. Colo. 2004) ("While Rule 35 should be construed liberally in favor of granting discovery, its

application is left to the sound discretion of the court."). Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995) provides guidance. Turner held that garden variety emotional distress is not enough to establish the in controversy requirement:

> Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress. . . . [For example], courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995); see also Fox v. The Gates Corp., 179 F.R.D. 303, 307 (D. Co. 1998).

Plaintiff argues that a mental examination is necessary in light of Defendant's recent reliance on diminished mental capacity to toll her claim based on elder abuse as stated in the amended counterclaim, especially against the backdrop of Defendant's shifting representations about her mental condition. For example, Defendant earlier alleged that she has been diagnosed with dementia or Alzheimer's disease, and then, after being contradicted by her physician, she shifted in the recent counterclaim to asserting "diminished cognitive abilities" as grounds for tolling.

There is good cause for requiring Defendant to undergo an independent mental examination. The information sought by Plaintiff through the examination is relevant and there are few medical records available. The good cause finding is bolstered by the unusual circumstances in this case regarding Defendant's marked shift in her allegations regarding her mental condition.

In addition, Defendant's latest counterclaims put her mental condition in controversy. Her counterclaim for elder abuse alleges that: "Lisa Poulson's cognitive abilities were diminishing. She had difficulties with her attention span, memory and ability to understand concepts and make decisions." Counterclaim ¶ 16. While Defendant argues that this allegation was "only" included to establish tolling relating to the claim of elder abuse, the allegation nonetheless continues to put her mental condition at issue.

Therefore, Plaintiff's Motion for Order for Mental Examination is granted. However, the Court agrees with Defendant that it is unduly burdensome to require her to attend the mental

examination in Southern California when she is elderly and resides in Northern California. Accordingly, the independent mental examination shall take place promptly in the San Francisco Bay Area.

**IT IS SO ORDERED.**

Dated: June 6, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge