IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAVINGS BANK, | No. C -12-01454 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| NORMAN POULSEN, | |
| Defendant. | |

On June 3, 2013, Defendant filed a Motion to Compel Production of Documents. The Court construed the improper ex parte motion as a motion to shorten time, which was granted. On June 5, 2013, Plaintiff filed an opposition to Defendant's Motion and on June 6, 2013, Defendant filed a reply. Because this matter is appropriate for decision without oral argument, the Court will not hold a hearing. For the reasons stated in this Order, Defendant's Motion is granted.

Defendant has moved to compel production of documents in response to RFP 44:

> Any and all DOCUMENTS which relate to YOUR policies applicable to the allegations YOU made in YOUR Complaint or defenses LISA POULSEN alleged in her Answer in this matter, including but not limited to: loans and guaranties/sureties; requirements for lending; how signatures must be obtained from borrowers and/or guarantors if not in a bank or in a bank agent's presence; disclosures to borrowers and/or guarantors of loans; how to prevent forgeries or confirm identities and signatures on documents; whether one party may sign loan-related documents for another; power-of-attorney or signatory policies; notarization generally and jurats; required copies of signatories' identifications; customer identification programs; and, review of transactions which involve STERLING and also benefit directors, officers, or managing agents of STERLING.

Plaintiff objected generally to this request for production, but agreed to produce responsive documents to the extent that they still existed given that Sonoma National Bank (the entity that entered into the guaranties with Defendant) merged with Sterling Savings Bank in February 2007.

On May 22, 2013, Defendant deposed Plaintiff's compliance officer, Joanne Tyler-Barton,

who described a Loan Compliance Manual that included sections for "know your customer," customer identification programs ("CIP") and elder financial abuse. deVries Decl. ¶ 8. On May 31, 2013, Plaintiff produced some documents, but according to Defendant, did not provide any documents relating to elder financial abuse, customer identification issues or "know your customer." On June 3, 2013, Defendant filed this motion seeking production of the Loan Compliance Manual and other documents describing Plaintiff's policies relating to elder financial abuse, and "know your customer." On June 5, 2013, Plaintiff produced some of the Loan Compliance Manual, and agreed to produce policies regarding other issues if they were found.

In opposition to Defendant's motion, Plaintiff shifted from its argument that the documents may not exist to arguing that the documents, even if they exist, are irrelevant on various grounds. Plaintiff's refusal to produce documents based on relevance only after Defendant filed her motion to compel comes too late. The Court will not decide the motion based on relevance now in the context of an expedited motion to compel where Defendant has made at least a minimal showing under the more relaxed standard applied in the discovery context. It is unclear whether further responsive documents exist. Therefore, Defendant's motion to compel is granted as follows. If Plaintiff contends in good faith that no additional responsive documents exist, Plaintiff shall provide Defendant with a declaration from the person(s) most knowledgeable about the reasonableness of the search done for the documents that Defendant seeks in this motion and the results of that search. If there are further responsive documents, Plaintiff shall produce them. Plaintiff shall produce further documents and/or serve the declaration from the person(s) most knowledgeable on Defendant no later than June 10, 2013.

**IT IS SO ORDERED.**

Dated: June 6, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2